Bullard, J.
This is a petitory action in which the plaintiff asserts title in himself to a tract of land of four hundred acres, being lot No. 4 in a survey of 20C0 acres in Hunter’s claim, lying upon the bayou Barthelemy, in the parish of Ouachita, which he alleges he acquired by purchase from Joseph H. Patten, but which he alleges the defendant has taken possession of and refuses to deliver up.
The defendant after praying oyer, and having inspected the plaintiff’s title deeds, answered by a general denial of the facts and allegations in the petition. For further answer he says, that the land on which he resides, and which is not the same called for by the plaintiff’s titles, he acquired by a bona fide title, trans-lative of property, on the 1st of February, 1815, when it was sold by the Collector of taxes as the property of Jesse Collier, and that he has remained in the quiet and uninterrupted possession ever since, and is entitled to hold by prescription.
There was a verdict and judgment for the defendant, and the plaintiff has appealed.
The description of the land sued for, as contained in the deed from Patten to the plaintiff, is as follows: — A tract or parcel of land, situated in the said parish, on or near the bayou Barthelemy, containing the quantity of four hundred arpents, being an undivided half of eight hundred arpents, conveyed to the vendors by James G. Hunter, which eight hundred arpents was an un *47 divided half of sixteen hundred arpents, conveyed to said James G. Hunter by Oliver J. Morgan, without' any warranty. The land is further described as being a part of ten thousand acres conveyed to James G. Hunter, sen., by Abraham Moorhouse, now deceased.
In the conveyance from Moorhouse to Hunter, the tract of ten thousand arpents is described as beginning at the said Moor-house and Livingston’s corner of division lines of the courses North 38, West and South 57 degrees, from thence one thousand poles on such division line to a stake, thence at right angles one thousand poles from such stake, to include ten thousand ar-pents of land in a square, being part of the grant known by the name of the Baron de Bastrop’s large cession of twelve leagues square.
It is an obvious principle, that the plaintiff must not only show title in himself, but must show that his title covers the land in the adverse possession of the defendant. We have searched the record in vain for any location of the plaintiff’s land, made either in conformity to the calls of his’ deed, or in such a manner as to be conclusive on the defendant, showing that any part of the land possessed by the defendant is embraced in the plaintiff’s purchase. It is equally obvious, that the proceedings in the action of partition between the present plaintiff, Morgan and others claiming the two thousand acre tract, are not conclusive upon the defendant who was not a party.
The plaintiff’s counsel tells us, that Clarke, the surveyor, notified the defendant, and even stopped at his house while making the survey ; yet he furnished him no titles or plat of survey; and he refers us to a plat of survey made by Daniels, under an order of court in the partition case. He therefore contends that, there is a title and designation of lines by order of court in favor of the plaintiff, for the particular land claimed ; and that, on the contrary, there is no designation of land belonging to the defendant, who would not comply with the order of court to have it surveyed.
The defendant was not bound, in our opinion, to exhibit to the surveyor any evidence against himself. He had a right to stand upon his possession, and to require of the plaintiff to show *48 that the land occupied by him, or any part of it, is embraced in the plaintiff’s purchase. This, we think, he has failed to do.

Judgment affirmed.